**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
jml@jmllaw.com
D. AARON BROCK, STATE BAR NO. 241919
aaron@jmllaw.com

Attorneys for Plaintiff
KRISTEN BIEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN BIEL, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>ST. JAMES SCHOOL, A CORP, a California non-profit corporation; and DOES 1-50, inclusive,<br><br>  Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. **DISCRIMINATION IN VIOLATION OF THE ADA;**<br>2. **RETALIATION IN VIOLATION OF THE ADA;**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA;**<br>4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE ADA;**<br>5. **FAILURE TO PREVENT IN VIOLATION OF THE ADA; and**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF THE ADA.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KRISTEN BIEL, hereby brings her employment complaint against the above-named Defendants and states and alleges as follows:

## JURISDICTION AND VENUE

1. This is an employment lawsuit, brought pursuant to 42 U.S.C. § 12101 et. seq. to remedy violations of the Americans with Disabilities Act of 1990 ("ADA").

2. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the laws of the United States of America.

3. The venue is appropriate since the actions giving rise to this lawsuit occurred in Los Angeles County, California, which is located within this district.

## THE PARTIES

4. At all times mentioned herein, Plaintiff KRISTEN BIEL was a resident of the State of California.

5. At all times mentioned herein, Defendant ST. JAMES SCHOOL, A CORP was a California non-profit corporation that operated St. James Catholic School, a private school, located at 4625 Garnet Street, Torrance, California 90503.

6. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

7. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## ALLEGATIONS

9. Plaintiff commenced employment with Defendant as a long term substitute teacher for the first grade in or around February 2013.

10. In or around June 2013, Defendant hired Plaintiff to be a permanent teacher of the fifth grade for the 2013-2014 school year.

11. On or about March 1, 2014, Defendant presented Plaintiff with a notice of intent form to return to teach for the 2014-2015 school. Plaintiff immediately returned this form indicating her intent to return to teach.

12. Unfortunately, on or about April 24, 2014, Plaintiff was diagnosed with breast cancer. Within days of her diagnosis, Plaintiff informed Defendant's principal, Sister Mary Margaret, of her diagnosis and that she would need a finite leave of absence from work, starting on or about May 23, 2014 and lasting until January 2015, so that Plaintiff's doctors could perform a double mastectomy and so that Plaintiff could undergo chemotherapy and radiation treatment.

13. On or about July 15, 2014, while Plaintiff was on a leave of absence, Sister Mary Margaret informed Plaintiff that she believed it was "unfair" to Plaintiff's potential students that Defendant accommodate her leave of absence accommodation request and that Plaintiff would not be placed back to work for Defendant, effectively terminating Plaintiff's employment.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant terminated Plaintiff's employment because of her cancer and because it did not want to accommodate her finite leave of absence for no legitimate reason under the law.

///

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On December 15, 2014, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a "Right-To-Sue" letter from the EEOC on March 14, 2015. This Complaint is timely filed pursuant to that letter.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE ADA

### (Against ALL Defendants)

16. Plaintiff restates and incorporates herein paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth herein.

17. Plaintiff is, and at all times material hereto was, an employee covered by the ADA. The ADA prohibits discrimination on the basis of disability, which includes cancer, in all employment practices.

18. Defendants are and were at all times material hereto, employers within the meaning of the ADA and, as such, were barred from discriminating in employment decisions on the basis of disabilities as set forth in the ADA.

19. Defendants have at all times relevant hereto regarded Plaintiff as having a disability within the meaning of the ADA. A "disability" means a "a physical or mental impairment that substantially limits one or more major life activities" of an individual. (42 U.S.C. § 12102(1)(A).) Major life activities include, but are not limited to, walking, standing, performing manual tasks, and working. (42 U.S.C. § 12102(2)(A).)

20. Defendants have continuously discriminated against Plaintiff on the basis of disability in violation of the ADA by continuously engaging in a course of conduct that included, but is not limited to, acts described in this complaint.

21. As a proximate result of Defendant's continuous discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, deferred compensation, and other employment benefits and has suffered

and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

22. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE ADA
### (Against ALL Defendants)

23. Plaintiff restates and incorporates herein paragraphs 1 through 22, inclusive, of this complaint as though fully set forth herein.

24. At all times herein mentioned, the ADA was in full force and effect and was binding on Defendants. The ADA prohibits retaliation against any person who engages in a protective activity.

25. Plaintiff engaged in protected activity by requesting reasonable accommodation for her disability. In response, Defendant terminated Plaintiff's employment and accused Plaintiff of being an unfit teacher.

26. Defendants' conduct as alleged above constituted unlawful retaliation.

27. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

28. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

29. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

## THIRD CAUSE OF ACTION

## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

### (Against ALL Defendants)

30. Plaintiff restates and incorporates herein paragraphs 1 through 29, inclusive, of this complaint as though fully set forth herein.

31. Although Defendants, and each of them, knew of Plaintiff's physical disabilities, Defendants, and each of them, refused to accommodate Plaintiff's disabilities. Defendants' actions were in direct contravention of the ADA.

32. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

33. As a direct and legal result of Defendants refusal to accommodate Plaintiff, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

34. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

///

///

///

## FOURTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

## IN VIOLATION OF THE ADA

### (Against ALL Defendants)

35. Plaintiff restates and incorporates herein paragraphs 1 through 34, inclusive, of this complaint as though fully set forth herein.

36. The ADA provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

37. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability, and instead Defendants terminated Plaintiff's employment while she was on a leave of absence.

38. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

39. As a direct and legal result of Defendants' actions, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

40. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. 12205.

///

///

COMPLAINT

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT IN VIOLATION OF THE ADA

### (Against ALL Defendants)

41. Plaintiff restates and incorporates herein paragraphs 1 through 40, inclusive, of this complaint as though fully set forth herein.

42. At all times herein mentioned, the ADA was in full force and effect and was binding on Defendants. Plaintiff is, and at all times material hereto was, an employee covered by the ADA prohibiting discrimination in employment on the basis of disabilities.

43. Defendants failed to take immediate and appropriate corrective action to end the discrimination against Plaintiff. Defendants also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

44. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination from occurring, Defendants violated the ADA causing Plaintiff to suffer damages as set forth above.

45. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

46. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

47. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF THE ADA

### (Against ALL Defendants)

48. Plaintiff restates and incorporates herein paragraphs 1 through 47, inclusive, of this complaint as through fully set forth herein.

49. At all times herein mentioned, the ADA was in full force and effect and was binding on Defendants.

50. The actions Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the ADA and the laws and regulations promulgated thereunder.

51. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

52. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and

has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;
2. For medical expenses and related items of expenses, according to proof;
3. For loss of earnings, according to proof;
4. For attorneys' fees, according to proof;
5. For prejudgment interest, according to proof;
6. For costs of suit incurred herein; and
7. For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:   Friday, June 5, 2015    JML LAW, A Professional Law Corporation


By:   /s/ D. Aaron Brock


JOSEPH M. LOVRETOVICH
D. AARON BROCK
Attorneys for Plaintiff